On Application of the St. Charles Hotel Co., Ltd., for Rehearing on the Question of Interest Charged Against it.
Per Curiam.
The $6,544.25, which the Hotel Company retained in its hands, was due by it to Nicholson & Sons, contractors; Nicholson & Sons owed it to James Hay; their sub-contractor, and James Hay owed it to Peter Y. Frazer, his sub-contractor.
All these parties were garnisheed in reference to this very fund, and, subsequently, James Hay filed a petition of interpleader in which he averred his inability to deposit the sum in court because held back from him by Nicholson & Sons and the St. Charles Hotel Company.
This petition of interpleader was filed in the Otis Manufacturing Company’s case, wherein the Hotel Company had been sued directly, and counsel for the company admit in their original brief that their *1602 client was made a party to this petition of interpleader. Hay prayed that all the parties in interest be cited to form a concursus and to litigate among themselves in one proceeding their respective and rival claims to the fund, and for final judgment directing to whom the same should be paid, etc.
Following this, one of the creditors, who had brought an attachment suit against Fraser, took a rule in each of the pending suits, suggesting the petition of interpleader filed by Hay and his admission of indebtedness., and asked that an order be made consolidating all the suits with the case of the Otis Manufacturing Co. vs. The St. Charles Hotel Co., et als.
These rules were made absolute, without objection, and later, by agreement of counsel, all the cases were consolidated with that of C. L. Willey vs. The St. Charles Hotel Co.
The case thus became a concursus and an all-round fight between rival creditors for the balance due Frazer under his contract with Hay for material, etc., furnished in the construction of the hotel building.
This balance was in the hands of the Hotel Company. They have held it and used it for their account and should pay interest on it. All debts bear legal interest from the time when due without any stipulation as to interest. The concursus was formed February 10, 1896. Legal interest from that date is due.
The Hotel Company could have relieved itself of liability for this interest by paying the money into the depository of the court when the concursus was formed. It is well settled that such deposit is necessary to enable the holder of a fund, covered by an interpleader, to escape the interest charge.
There was no dispute as to the amount of the fund held back, and the only excuse the Hotel Company gives, or can give, for not paying the same into court was that under their contract with Nicholson & Sons they had a right to withhold it until a clear certificate from the recorder of mortgages was produced.
This is the reason they assign for their objection to the interest charge against them.
It is true the contract between the Hotel Company and Nicholson & Sons provides that before the last payment of IS per cent, should be made, a certificate should be obtained by the contractors from the mortgage office that no liens or claims were recorded against the *1603 Hotel building, and that there should then be no legal or lawful claims against the contractors in any manner or from any source whatever for work or materials furnished for said building.
The only sum reserved under this clause was the $6,544.25 in question.
.Because of this clause the contention of the company is that, notwithstanding the legal fight going on over the fund, and notwithstanding the formation of the concwrsus in regard thereto, they are entitled to hold possession of the fund all these years without liability for interest, and may continue to hold its possession without sujch liability until the recorder’s certificate, showing no liens, etc., is produced.
The error of this position lies in the want of appreciation of the legal consequences of the deposit of the fund in court, or rather in the failure to appreciate that by making the deposit the company lost none of its rights under its contract with Nicholson & Sons.
It could and should have made the deposit, accompanied by a petition setting forth its contract rights and praying the court not to order the fund paid to any one or more of the creditors claiming it until the recorder’s certificate of cancellation of liens against the building was poduced, and until it was made to appear that no lawful claims against the contractors existed for work done or materials furnished for the building.
The court by its judgment could and would have fully protected its rights, and the company by making the deposit would have been relieved of liability for interest.
The Hotel Company was not so much entitled to hold the fund, as it was to have itself protected against liens registered against the building or asserted against the owners thereof for work done and materials furnished. The holding back of the fund was but a means to that end, and this means would not have been lost or affected by making the deposit in court.
For these reasons the rehearing applied for is denied.